

**SO ORDERED.**

**SIGNED this 14th day of April, 2015.**

Dale L. Somers
United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In Re:

**FLEX FINANCIAL HOLDING
COMPANY,**

     **DEBTOR.**

**FLEX FINANCIAL HOLDING
COMPANY,**

     **PLAINTIFF,**

v.

**ONEBEACON INSURANCE GROUP
LLC and
ATLANTIC SPECIALTY INSURANCE
COMPANY,**

     **DEFENDANTS.**

**CASE NO. 13-21483
CHAPTER 11**

**ADV. NO. 14-06070**

## REPORT AND RECOMMENDATION ON
## DEFENDANTS' MOTION TO WITHDRAW REFERENCE

This adversary proceeding is before the Court on OneBeacon Insurance Group, LLC's and Atlantic Specialty Insurance Company's (hereafter Defendants) motion to withdraw reference of the claims against Defendants and to immediately transfer those claims to the District Court, based upon Defendants' asserted right to jury trial.  Pursuant to District of Kansas Local Rule 83.8.6, the Court makes the following recommendation that reference be withdrawn immediately.

**FACTUAL AND PROCEDURAL BACKGROUND.**

Debtor/Plaintiff Flex filed this adversary proceeding on September 3, 2014. The Complaint is titled Complaint for Declaratory Judgment.  It states it was filed "to determine and resolve the rights and obligations of the parties under the contract of insurance issued by Defendant One Beacon Insurance Group LLC and its member company Atlantic Specialty Insurance Company to Debtor/Plaintiff related to damage to property owned by Debtor/Plaintiff."[1]  The Court, when denying Flex's motion to strike Defendants' demand for jury trial,[2] has found that the essence of the Complaint is a breach of contract claim seeking additional recovery for an insured loss.

The Complaint alleges as follows.  Defendants issued a policy of insurance to Flex for two properties, one located in Merriam, Kansas and the other in Gladstone, Missouri, for the period December 15, 2012 to December 15, 2013.  On or about April 11, 2013,

---

[1] Doc. 1, 1.

[2] Doc. 37.

2

Flex reported claims for damage to two insured buildings located on the Merriam, Kansas property from a wind and hail storm on or about April 7, 2013.

Flex filed for relief under Chapter 11 on June 10, 2013.  By letter date July 24, 2013, Defendants advised Flex that the policy provided coverage for the claims and sent a check to Flex in the amount determined to be the net amount due.  Flex advised Defendants that it believed it was entitled to additional compensation under the policy.

The adversary proceeding was filed on September 3, 2014.  After being granted an extension of time to answer or otherwise respond to the Compliant, Defendants filed their answer on December 1, 2014.[3]  The answer included a demand for jury trial.  The motion to withdraw reference was filed on December 8, 2014.  Flex moved to strike the jury trial demand on December 24, 2014.[4]  By separate order, the Court has denied the motion to strike and held that Defendants have a right to jury trial.[5]

**ANALYSIS.**

### A. Applicable statute and rule.

Defendants move to withdraw reference under 28 U.S.C. § 157(d), which provides in relevant part: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  District of Kansas Local Rule 83.8.6 addresses the transfer of

---

[3] Doc. 8.

[4] Doc. 15.

[5] Doc. 37.

particular proceedings for hearing and trial by a district judge.  It requires the filing of a motion certifying the grounds for transfer, which grounds include the existence of cause "within the contemplation of 28 U.S.C. § 157(d), for the withdrawal of the particular proceeding to the District Court."  The right to a jury trial has been recognized as cause for withdrawal of reference.[6]  Local Rule 83.8.13(a) declares, "A district judge shall conduct jury trials in all bankruptcy cases and proceedings in which a party has a right to trial by jury, a jury is timely demanded, and no statement of consent to jury trial before a bankruptcy judge has been filed."  Local Rule 83.8.6(b)(2) provides that if the party moving to withdraw reference is the original defendant, "the motion shall be filed within 20 days after movant has entered appearance or been served with summons or notice."  Subsection (b)(6) states, "Failure to timely move for transfer of a particular proceeding for hearing and trial by a district judge shall be construed as consent to final entry of judgment in the bankruptcy court."

**B. Cause exists to withdraw reference.**

**1. The claim against Defendants concerns matter for which there is a right to trial by jury.**

The Court, by separate Memorandum Opinion and Order Rejecting Plaintiff's Motion to Strike Defendants' Demand for Jury Trial,[7] has held that Defendants have a

---

[6] *E.g., Manley Truck Line, Inc. v. Mercantile Bank of Kansas City*, 106 B.R. 696, 697 (D. Kan. 1989); *see* cases collected at 1 *Collier on Bankruptcy* ¶ 3.04[1][b] n.8 (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed. 2014).

[7] Doc. 37.

4

right to trial by jury on the claims asserted in this adversary proceeding.  The findings of fact and conclusions of law stated in that memorandum are incorporated herein by reference.

### 2. Defendants timely requested trial by jury.

Defendants requested trial by jury in their answer.  Federal Rule of Civil Procedure 38(b) provides that on any issue triable by a jury, a party may demand a jury trial by serving the other parties with a written demand "no later than 14 days after the last pleading directed to the issue is served."  The request was timely.

### 3. There is no mutual consent to trial by jury in this Court.

Neither Flex nor Defendants have consented in writing to the Bankruptcy Court's conduct of a jury trial in this proceeding.

### C.  The timing of the filing of the motion for withdrawal of reference does not preclude withdrawal of reference.

As to a motion by the original defendant, District of Kansas Local Rule 83.8.6(b)(2) provides that a motion to withdraw reference is timely if filed "within 20 days after movant has entered appearance or been served with summons or notice."  If the filing of the answer in this proceeding is considered the entry of appearance, the motion was timely.  The answer was filed on December 1, 2014, and the motion to withdraw reference was filed on December 8, 2014.

Flex contends that the filing of the withdrawal motion on December 8, 2014, was untimely because it was filed more than 20 days after Defendants entered their

appearance by filing their motion for leave to file answer out of time on November 5, 2014.[8]  Defendants respond that choosing this date for the entry of appearance for purposes of Local Rule 83.8.6(b)(2) leads to the "counterintuitive" result that the withdrawal motion should have been filed before the motion for leave was granted on December 1, 2014, and before the filing of the answer, in which a jury trial was demanded.  The Court agrees and doubts that the purpose of the local rule was to deny a motion for withdrawal of reference based upon untimeliness under the circumstances of this case.

This Court recommended that the District Court reject a challenge to the timeliness of a withdrawal motion in *Stahl*,[9] when the defendant's renewed motion for withdrawal was made one and a half years after the adversary proceeding was filed.  The District Court adopted the recommendation,[10] which stated in part:

> The Trustee challenges the timeliness of CLA's motion. The Local Rules set a time frame for motions to withdraw the reference, and require such motions to be filed "within 20 days after movant has entered an appearance or been served with summons or notice."[11] Outside of such local rules on the matter, courts have generally deemed a party's motion under § 157(d) as timely when "it was made as promptly as possible in light of the developments in the bankruptcy proceeding, or,

---

[8] Doc. 7.

[9] *Parks v. Consumer Law Associates, LLC (In re Stahl)*, 2012 WL 3758833 (Bankr. D. Kan. July 19, 2012).

[10] *Parks v. Consumer Law Associates, LLC*, Case no. 12-mc-114-EFM, Doc. 4  (D. Kan. Aug. 30, 2012).

[11] D. Kan. Rule 83.8.6(c).

6

more simply, if it was made at the first reasonable opportunity."[12]  "The reason for the timeliness requirement is to prevent parties from forum shopping, stalling, or otherwise engaging in obstructionist tactics."[13]  A district court has "broad discretion" regarding a motion to withdraw the reference.[14]

> . . .

> The current motion to withdraw the reference and transfer this proceeding to the district court does not appear to be done for the purpose of stalling. . . .

Based on the record in this case, this Court finds that CLA's motion should be considered as timely. Under District of Kansas Local Rule 83.8.13, a district judge, rather than a bankruptcy judge, is required to conduct a jury trial in bankruptcy cases when "no statement of consent to jury trial before a bankruptcy judge has been filed." There is certainly no statement of consent here.  Furthermore, there does not appear to be any prejudice to the Trustee if the motion is considered timely . . ..[15] Finally, this Court and the District Court, under 28 U.S.C. § 157(d) and District of Kansas Local Rule 83.8.7, may consider withdrawal of the reference without motion of a party. Section 157(d) permits a district court to withdraw reference "on its own motion." Local Rule 83.8.7 permits a bankruptcy judge to "determine *sua sponte* " that a proceeding is non-core. Therefore, this Court

---

[12] *DePaola v. Price (In re Price),* 2007 WL 2332536, at *3 (M.D.Ala.2007); *see also* 9 *Collier on Bankruptcy* ¶ 5011.01[2], at 5011–8 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (stating that "motions for permissive withdrawal must be made at the first reasonable opportunity").

[13] *Commercial Fin. Servs. Inc. v. Temple (In re Commercial Fin. Servs., Inc.),* 2003 WL 22927208, at *3 (N.D. Okla. Apr. 25, 2003) (internal quotations and citations omitted).

[14] *Doe v. Martinez (In re Martinez),* 2010 WL 3075282, at *2 (D.N.M. July 15, 2010).

[15]  *See Burger King Corp. v. B–K of Kan., Inc.,* 64 B.R. 728, 730–31 (D.Kan.1986) (finding ten months to be the outer limit of timeliness for a motion to withdraw the reference, but finding the motion timely because all pre-trial activity at the bankruptcy court would assist the district court and there was no prejudice to the non-moving party); *see also, e.g., Redmond v. Hassan (In re Hassan),* 375 B.R. 637, 646–47 (Bankr .D.Kan.2006) (recommending to district court that it exercise discretion to grant a late request for a jury trial, due to lack of prejudice to Trustee).

recommends that the District Court consider the motion to
withdraw reference as timely.

This Court finds that those observations are equally applicable to this proceeding and

recommends that Plaintiff's objection to withdrawal based upon the alleged untimeliness

of the motion be rejected.

### D. Withdrawal of reference is not dependent upon whether the proceeding is within the core jurisdiction of this Court.

Flex asserts that the controversy is within the core jurisdiction of this Court,[16] and

this is a factor to be considered when ruling on the motion to withdraw reference.

Reference of both core and non-core matters may be withdrawn under 28 U.S.C. §

157(d).[17]  But the core vs non-core distinction may bear upon questions of efficiency and

uniformity.  For example, withdrawal of reference of a motion for relief from stay, a core

matter, could be inefficient, because the bankruptcy court, but not the district court,

would be familiar with the debtor's circumstances.  Uniformity of decisions could be

impaired by such withdrawal because the district could lack the experience of the

---

[16] According to Flex, this controversy with its insurers is a core proceeding under 28 U.S.C. § 157(b)(2)(A) as a matter "concerning the administration of the estate" because it involves a dispute that arose after the bankruptcy was filed and relates to the postpetition breach of a prepetition insurance contract. Doc. 19, 14-20. Flex's primary authority for this position is *Hircsh v. The London Steamship Owners' Mut. Life Ins. Ass'n Ltd (In re Seatrain)*, 198 B.R. 45, 50 (D.S.D.N.Y. 1996). But the abrogation of this holding has been recognized. *See In re Enron Power Mkg, Inc.*, 2003 WL 68036, *9 (D.S.D.N.Y. Jan. 8, 2003).

[17] 1 William L. Norton, Jr., and William L. Norton III, *Norton Bankruptcy Law and Practice*, § 8:1 at 8-7 and 8-8 (Thomson Reuters 2014) ("Unlike abstention, the [withdrawal] statute does not premise withdrawal of the reference based on whether the matter is 'core' ('arises under' or 'arises in' the bankruptcy case) or whether it is 'noncore' ('related to' the bankruptcy)."); 1 *Collier on Bankruptcy* ¶ 3.04[1] at 3-59 ("Section 157(d) applies to both core and non-core proceedings.").

bankruptcy court in ruling on such motions.  However, in this case, there are no concerns about efficiency or uniformity.  The controversy is not directly related to matters within the Bankruptcy Court's knowledge because of its administration of Flex's bankruptcy case.  This proceeding is a unique claim governed by state law.  The Court therefore declines to decide if the proceeding is core or non-core.

### E. The Court recommends that the case be withdrawn immediately.

The Court recommends that the case be withdrawn immediately.  There are no bankruptcy issues involved.  If assistance of a court is required during the discovery process, the District Court is in a better position than this Court to handle such matters. The conduct of a pretrial conference and the approval of a pretrial order will better fulfill their purposes if they proceed in the District Court where trial will be held.

###