IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FLEX FINANCIAL HOLDING
COMPANY,

        Plaintiff,

v.

ONEBEACON INSURANCE GROUP
LLC and ATLANTIC SPECIALTY
INSURANCE COMPANY,

        Defendants.

Case No. 15-cv-7205-DDC

## MEMORANDUM AND ORDER

This matter comes before the Court on defendants OneBeacon Insurance Group, LLC and Atlantic Specialty Insurance Company's Motion for Withdrawal of Reference to the Bankruptcy Court (Doc. 1). Plaintiff Flex Financial Holding Company has filed a response, opposing defendants' motion (Doc. 3). And Bankruptcy Judge Dale Somers filed a Report and Recommendation (Doc. 5) on defendants' motion, as D. Kan. Rule 83.8.6(c) requires. Also before the Court is plaintiff's motion for leave to oppose Judge Somers' Report and Recommendation (Doc. 6) and defendants' response (Doc. 7). Having considered the motions, responsive pleadings, and Judge Somers' recommendation, the Court denies plaintiff's motion for leave, grants defendants' motion for withdrawal of reference, and adopts Judge Somers' Report and Recommendation.

### I.    Plaintiff's Motion for Leave to File Opposition to Report and Recommendation

Plaintiff asks the Court to grant it leave to file additional papers opposing Judge Somers' Report and Recommendation. Plaintiff contends that good cause for leave exists because

1

plaintiff retains a meritorious position against withdrawal and allowing it to articulate that position serves the "best interests of justice." Doc. 6 at 3. Defendants oppose plaintiff's motion.

The Court has reviewed the proposed memorandum in opposition (Doc. 6-1) that plaintiff submitted with its motion. In it, plaintiff references the arguments set out in its opposition to defendants' motion for withdrawal. Plaintiff also repeats its argument that defendants filed their motion for withdrawal beyond the time allowed by D. Kan. Rule 83.8.6(b)(2). All parties briefed this issue before Judge Somers issued his Report and Recommendation.

D. Kan. Rule 83.8.6(c) provides that the Court, after receiving the motion and a written recommendation from the bankruptcy judge, will rule a motion for withdrawal "ex parte or upon such notice as the district judge shall direct." The Court did not invite the parties to submit additional briefing after receiving the bankruptcy record. Nor does the Court believe that additional argument, retreading fully briefed issues, will assist its disposition of defendants' motion. Nevertheless, the Court has considered the arguments referenced in plaintiff's proposed opposition when evaluating the merits of defendants' motion and Judge Somers' Report and Recommendation. The Court thus denies plaintiff's motion for leave.

**II.     Defendants' Motion for Withdrawal of Reference**

Plaintiff filed this adversarial proceeding against defendants on September 3, 2014. Plaintiff's Complaint—labeled a "Complaint for Declaratory Judgment"—asks the bankruptcy court "to determine and resolve the rights and obligations of the parties" to a commercial insurance contract issued by Atlantic Specialty to plaintiff, as the insured. Doc. 5 at 2 (quoting Complaint). Plaintiff alleges that defendants owe it additional compensation under the policy for property damage plaintiff sustained during a wind and hail storm on April 7, 2013.

Defendants move to withdraw the reference to the bankruptcy court under 28 U.S.C. § 157(d). This provision provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

In his Report and Recommendation, Judge Somers recommends that reference to the bankruptcy court "be withdrawn immediately." Doc. 5 at 2. Judge Somers concludes that cause for withdrawal exists because defendants have a right to a jury trial on plaintiff's claims. Judge Somers also finds that withdrawal is appropriate because plaintiff's claims are "not directly related to the matters within the Bankruptcy Court's knowledge because of its administration of [plaintiff's] bankruptcy case." *Id*. at 9. Finally, Judge Somers rejects plaintiff's contention that defendants filed their motion outside the time afforded by D. Kan. Rule 83.8.6(b)(2). Judge Somers finds that defendants' motion was timely because defendants filed it after receiving leave to answer out of time and within 20 days of filing their Answer. For these reasons, and because there "are no bankruptcy issues involved," Judge Somers recommends withdrawal of the reference. Doc. 5 at 9. The Court agrees. It thus adopts Judge Somers' Report and Recommendation and grants defendants' motion for withdrawal.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion for Withdrawal of Reference to the Bankruptcy Court (Doc. 1) is granted.

**IT IS FURTHER ORDERED** that Bankruptcy Judge Somers' Report and Recommendation (Doc. 5) is adopted.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to File Opposition to Report and Recommendation for Withdrawal of Reference (Doc. 6) is denied.

**IT IS SO ORDERED.**

**Dated this 25th day of February, 2016, at Topeka, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**