IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| FLEX FINANCIAL HOLDING COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-7205-DDC-GEB |
| | ) | |
| ONEBEACON INSURANCE GROUP, LLC, | ) | |
| and ATLANTIC SPECIALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (**ECF No. 21**). For the reasons set forth below, Plaintiff's motion is **GRANTED in part and DENIED in part**.

## I.   Background[1]

A hailstorm in 2013 was the impetus for what has been three years of litigation between these parties. In April 2013, a hailstorm damaged two commercial buildings in Merriam, Kansas owned by plaintiff Flex Financial Holding Company. Both buildings were insured under a policy issued by defendant OneBeacon Insurance Group, LLC and/or its member company, defendant Atlantic Specialty Insurance Company. Plaintiff

---

[1] The information recited in this section is taken from the Memorandum and Order transferring the case to this Court (ECF No. 9), from the briefs regarding Plaintiff's Motion to Amend (ECF Nos. 21, 22, 24, 30), from Plaintiff's proposed First Amended Complaint, ECF No. 21-1, Ex. A), and from Plaintiff's Complaint for Declaratory Judgment (ECF No. 1, No. 14-06070 (Bk. Ct. Kan., Sept. 3, 2014)). This background information should not be construed as judicial findings or factual determinations.

presented a claim to Defendants for loss under the policy, but disputes arose regarding the appropriate coverage, loss payments, and deductible for the claim. Defendants were still reviewing the loss when Plaintiff filed for bankruptcy in 2013. During the bankruptcy case, on September 3, 2014, Plaintiff filed a "Complaint for Declaratory Judgment" against Defendants in the U.S. Bankruptcy Court. In that original Complaint, Plaintiff asked the Bankruptcy Court to determine and resolve the rights and obligations of the parties under the insurance contract.

In April 2015, Defendants asked that the matter be transferred from the Bankruptcy Court to the U. S. District Court. Over opposition from Plaintiff, the case was transferred to this Court in 2016. Following the transfer, and after the case was referred to the undersigned U.S. Magistrate Judge for case management, a scheduling order was entered in February 2017 (ECF No. 20). That scheduling order established a deadline of May 2, 2017 for amendment of the pleadings.

Plaintiff then timely filed its Motion for Leave to File an Amended Complaint (ECF No. 21), seeking to add counts for breach of contract and good faith and fair dealing. Defendants oppose the amendment. All related briefing is complete, and the issue of amendment is ripe for decision.

## II. Motion to Amend (ECF No. 21)

### A. Legal Standard for Amendment

The standard for permitting a party to amend his or her complaint is well established. A party may amend its pleading as a matter of course under Fed. R. Civ. P.

15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading. However, in cases such as this, where the time to amend as a matter of course has passed, without the opposing party's consent a party may amend its pleading only by leave of the court under Rule 15(a)(2).

Rule 15(a)(2) provides leave "shall be freely given when justice so requires," and the decision to allow an amendment is within the sound discretion of the court.[2] The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[3] In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[4] The Tenth Circuit acknowledged that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,'"[5] especially in the absence of bad faith by an offending party or

---

[2] *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

[3] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc.*, No. 12–2269–EFM-JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013), *report and recommendation adopted*, 2013 WL 328986 (D. Kan. Jan. 29, 2013).

[4] *Hinkle v. Mid-Continent Cas. Co.*, No. 11–2652–JTM-KMH, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).

[5] *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010) (citing *Minter,* 451 F.3d at 1204) (quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)).

prejudice to a non-moving party.[6] With these standards in mind, the Court evaluates Plaintiff's motion.

### B. Discussion

After this case was transferred to District Court, Plaintiff retained new legal counsel. Its new counsel seeks to amend its pleading to include not only the original declaratory judgment claim, but to add a second count claiming breach of contract, and a third claim for breach of the covenant of good faith and fair dealing.

Of the factors analyzed by the Court when considering amendment, Defendants oppose Plaintiff's amendment solely based on the alleged futility of Plaintiff's proposed third claim for breach of the covenant of good faith and fair dealing. Defendants also oppose Plaintiff's addition of claims for attorneys' fees and punitive or exemplary damages as futile. Plaintiff responded by offering to amend several paragraphs in its proposed amendment, and contending its claim for attorneys' fees is valid. Each argument raised by the parties is addressed in turn.

### 1. Futility

Of the factors analyzed by the Court when considering amendment, Defendants oppose Plaintiff's amendment only on the basis of futility. As the party opposing

---

[6] *See AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM-GEB, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016) (collecting cases; internal citations omitted).

amendment, Defendants bear the burden of establishing its futility.[7]  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[8]  The proposed pleading is then analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  When utilizing this standard, "the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party."[9]  Only if the court finds "the proposed claims do not contain enough facts to state a claim for relief that are plausible on their face or the claims otherwise fail as a matter of law"[10] should the court find the amendment futile.

Because this is a diversity action, the court must apply "the substantive law of the forum state, including its choice of law rules."[11]  The parties each cite to Kansas law, and thus apparently agree that Kansas law is applicable to this dispute.

Defendants focus their futility arguments on the third count of the proposed amendment.  They largely contend specific language in the proposed amendment sound in tort, and any proposed tort claims are subject to dismissal.  They first contend Kansas

---

[7] *Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC-KGS, 2015 WL 1957782, at *2 (citing *Boykin v. CFS Enter., Inc.,* No. 08–2249–CM–GLR, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008)).
[8] *Farmers Bank & Trust, N.A. v. Witthuhn*, No. 11-2011-JAR, 2011 WL 5920941, at *2 (D. Kan. Nov. 28, 2011) (citing *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investors's Servs., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999)); *see also Neonatal Prod. Grp.*, 2015 WL 1957782, at *2 (internal citations omitted).
[9] *Carefusion 213*, 2010 WL 4004874, at *5 (citing *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2007) (internal citations omitted)).
[10] *Id*. (citing *Raytheon Aircraft Co. v. U.S.,* 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007); *see also Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).
[11] *Rezac Livestock Comm'n Co., Inc. v. Pinnacle Bank*, No. 15-4958-DDC-KGS, 2017 WL 2442851, at *3 (D. Kan. June 6, 2017) (citing *Pepsi–Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc*., 431 F.3d 1241, 1255 (10th Cir. 2005) (internal quotation and citations omitted)).

law does not recognize the independent torts of bad faith or breach of the covenant of good faith and fair dealing. Additionally, they interpret language in the proposed amendment citing "breach of a non-delegable duty" as asserting a fiduciary relationship between the parties (insured and insurer), which is not recognized under Kansas law. The proposed pleading also claims Defendants knew a denial of benefits "would cause emotional distress and harm", but as a corporation, Plaintiff cannot suffer emotional distress. Defendants further contend the exemplary damages included in Plaintiff's proposed amended complaint are only recoverable in a tort action, but Plaintiff proposes no viable tort claim. Along with their objections to any tort claims, Defendants argue Plaintiff's request for attorneys' fees and expert witness fees is subject to dismissal, and Plaintiff inappropriately cited the Kansas Unfair Settlement Claims Act in its Reply brief.

Plaintiff disputes the futility of its proposed amendment, and maintains it does not intend to assert any tort claims; rather, it intends its claims to sound solely in contract. Plaintiff offers to "clarify any language in the proposed amended complaint that could be interpreted" to bring a tort claim (Pl.'s Reply, ECF No. 24 at 2).[12] Plaintiff further agrees to withdraw its request for exemplary or punitive damages (ECF No. 24, at 2). And although Plaintiff did not specify as such, its purported "emotional distress" claim is included within the paragraphs it offers to revise.[13] Additionally, Plaintiff explains its use of the phrase "non-delegable duty" was not intended to allege a "fiduciary duty"

---

[12] Plaintiff specifically offers to amend paragraphs 27-28 and 60-64 of its proposed First Amended Complaint.

[13] Paragraph 62 of the proposed First Amended Complaint includes the allegation that Defendants' "knew that its decision to underpay benefits owed to Flex Financial would cause emotional distress and harm to Flex Financial."

between insurer and insured, but only intends to assert the Defendants are still liable to Plaintiff even if a third-party agent of Defendants mishandled the claim. To rectify this issue, Plaintiff agrees to revise the language in ¶ 55 of its Amended Complaint to clarify its intent (ECF No. 24, at 4).

Defendants admit that an insurer has an obligation to act in good faith when reviewing and responding to an insured's claim (Resp., ECF No. 22, at 14), therefore they do not deny that a claim of good faith and fair dealing, sounding in contract, would be appropriate. It appears Plaintiff is both willing and able to modify the language in its proposed pleading to address Defendants' concerns regarding any potential tort claims. Given Plaintiff's willingness to clarify its contractual claims in its amended pleading, it appears the only disputed topics remaining are the issues of attorneys' and expert witness fees, and whether Plaintiff may utilize the Kansas Unfair Settlement Claims Act in its pleading.

Defendant contends Plaintiff's claim for attorneys' fees and expert witness fees is subject to dismissal and therefore futile. Conversely, Plaintiff argues it is allowed to seek both types of fees. Both the statutes—specifically, K.S.A. § 40-256[14]—and case law permit an insured to seek attorneys' fees when suing its insurer for failure to pay a claim without cause;[15] therefore Plaintiff is correct with regard to attorneys' fees. Expert

---

[14] K.S.A. § 40-256 states that when a court renders judgment "against any insurance company . . . if it appear from the evidence that such company . . . has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action."

[15] *See Johnson v. Westhoff Sand Co.*, 281 Kan. 930, 940 (2006) (finding, "While the awarding of attorney fees [under K.S.A. § 40-256] is mandatory, the amount of such an award is within the

witness fees, however, are not permitted as costs to a prevailing party under either the cost-shifting mechanisms of Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920[16] or similar Kansas provisions in K.S.A. §§ 60-2002 and 60-2003(4). Only the witness fees and mileage costs generally permitted for all witnesses, as acknowledged by Plaintiff's Response brief, would be retrievable if Plaintiff prevails.[17] To the extent this is Plaintiff's intent, its claims for expert witness fees is valid—albeit perhaps unnecessary.

The final dispute centers on Plaintiff's citation to the Kansas Unfair Settlement Claims Act, K.S.A. § 40-2404, in its Reply brief. Presumably, to simply illustrate its position that its bad faith claim is appropriately plead, Plaintiff claims the law provides statutory remedies to rectify bad faith. Defendant accurately points out, however, in its Surreply that this Act does not provide a private cause of action; rather, it gives the Kansas Insurance Commissioner the exclusive authority to enforce the Act.[18] To the extent Plaintiff intended to include this Act in its amended pleading as some basis for a future claim, such a request is deemed to be futile.

In light of the concessions of Plaintiff and the rulings on the disputed issues above, the Court does not find Plaintiff's proposed amendment futile, provided Plaintiff modifies

---

sound discretion of the district court"); *see also Spencer v. Aetna Life & Cas. Ins. Co.*, 227 Kan. 914, 926 (1980) (noting, "[T]he [Kansas] legislature has intended to provide a remedy for an insured who has problems with his insurance company. He can maintain an action on the contract for his policy benefits, with costs, interest and attorneys' fees under arbitrary circumstances.")

[16] *Boyer v. Cline*, No. 85-1562-C, 1989 WL 89935, at *3 (D. Kan. July 19, 1989) (noting, "The law in the Tenth Circuit is clear that expert witness fees are not allowed under § 1920.") (internal citation omitted).

[17] K.S.A. § 60-2003(4) includes "[s]tatutory fees and mileage of witnesses attending court" as allowable costs.

[18] *Bonnell v. Bank of Am.*, 284 F. Supp. 2d 1284, 1289 (D. Kan. 2003) (citing *Earth Scientists (Petro Servcs.) Ltd. v. U.S. Fid. & Guar. Co.*, 619 F.Supp. 1465, 1468–72 (D. Kan. 1985)).

its amended complaint as both agreed and directed herein. If Plaintiff makes the above modifications to its pleading, the Court cannot say its claims are not plausible, nor that they would otherwise fail as a matter of law. Exercising its discretion, and recognizing Defendants will have an opportunity to challenge the sufficiency of the new claims through a later dispositive motion,[19] the Court will not deny Plaintiff's proposed amendment on the basis of futility. Permitting the filing of the proposed amendment "comports with the liberal amendment policy of Fed. R. Civ. P. 15(a)"[20] where Defendants may later challenge the claim,[21] and particularly in light of the lack of prejudice to Defendants discussed below.

### 2. Other Factors

Although the parties confront only the issue of futility in their briefs, the other factors weighed by the Court, such as prejudice to the non-moving party and timeliness of amendment, were not so thoroughly addressed. Despite the parties' lack of attention, the Court briefly considers each topic.

Most importantly, Defendants fail to present any argument regarding the prejudice they might face if the amendment were permitted. As the party opposing the amendment, Defendants bear the burden to demonstrate undue prejudice within the meaning of Rule

---

[19] *See, e.g., Carefusion 213*, 2010 WL 4004874, at *6 (finding "Defendants' arguments are better suited for resolution on a motion for summary judgment"); *see also Quality Time, Inc. v. W. Bend Mut. Ins. Co.*, 12-1008-JTM-GLR, 2012 WL 2872226, at *2 (D. Kan. July 12, 2012) (citing *Tommey v. Computer Sciences Corp.,* No. 11–2214–EFM, 2012 WL 646022, at *2 (D. Kan. Feb. 28, 2012).
[20] *Quality Time, Inc.*, 2012 WL 2872226, at *2.
[21] *See, e.g., Walker v. Axalta Coating Sys., LLC,* No. 14-2105-JAR, 2015 WL 685834, at *3 (D. Kan. Feb. 18, 2015) (finding the issue of punitive damages more appropriately addressed at a later stage in the case by the presiding U.S. District Judge).

15.[22] Under Rule 15, "undue prejudice" means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[23] While any amendment invariably causes some "practical prejudice," undue prejudice means that the amendment "would work an injustice to the defendants."[24]

Given Defendants' complete disregard of this "most important factor,"[25] the Court finds Defendants wholly failed to demonstrate prejudice sufficient to prohibit the proposed amendment. And, considering the contractual nature of the new claims and the current procedural posture of the litigation, the Court struggles to discern any true injustice which might occur from amendment. The facts supporting the new claims arise from the same occurrences as Plaintiff's original claim, and much of the discovery is likely to either have already occurred or will overlap with that sought on the original claim. At the time of Plaintiff's motion, discovery was ongoing, and Defendants recently requested an extension of their discovery deadlines (see Motion, ECF No. 36). Despite some disagreements between the parties regarding the length of that extension (ECF No. 36), the parties apparently agree some extension is warranted. Therefore, the parties will have adequate time to conduct any additional discovery and Defendants will have sufficient opportunity to fully defend the new claims.

---

[22] *Carefusion 213*, 2010 WL 4004874, at *4 (internal citations omitted).
[23] *Id*. (citing *U.S. v. Sturdevant,* No. 07–2233–KHV–DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (citing *Minter*, 451 F.3d at 1208; *Jones v. Wildgen,* 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004))).
[24] *Id*. (citing *Sturdevant*, 2008 WL 4198598, at *3; other internal citations omitted).
[25] *Minter*, 451 F.3d at 1207 (noting, "The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party.")

Additionally, the Court does not find the timeliness of the amendment to be problematic. Although these parties have been litigating for some time, the schedule of this particular case is young, and Plaintiff sought amendment within the deadline established in the Scheduling Order. Likewise, as noted in the paragraph above, the current procedural posture of the case weighs in Plaintiff's favor.

### C. Conclusion

Plaintiff's request to amend its Complaint is timely. Additionally, Defendants failed to demonstrate any amount of prejudice that may occur as a result of the amendment. Therefore, finding Plaintiff's proposed amendment not futile, and would cause no undue prejudice, the Court prefers this case to proceed on its full merits.[26] In the interests of justice, the Court will allow Plaintiff to amend its Complaint, provided the amendment includes the modifications to which Plaintiff agreed and excludes any intended claim based upon the Kansas Unfair Settlement Claims Act.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend the Complaint (**ECF. 21**) is **GRANTED in part** and **DENIED in part** as set forth above. Plaintiff shall file its First Amended Complaint on or before **September 21, 2017**. The parties are strongly cautioned future amendments, although not outright prohibited, will

---

[26] *See Hinkle*, 2012 WL 2581000, at *1 (citing *Koch*, 127 F.R.D. at 209).

be met with considerable scrutiny[27] given the length of litigation and previous opportunities to articulate the parties' claims.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 7th day of September, 2017.

 s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[27] *See Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.,* 984 F.2d 1571, 1585 (10th Cir.1993); *Foman,* 371 U.S. at 182) (noting "failure to cure deficiencies by amendments previously allowed" is one reason the court may use to deny leave to amend).